## CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Donald R. Pipkin et al. etc.

v.

Pleasant Care, Inc., etc.

October 6, 1997

Case No. (Law) 97-308

BY JUDGE S. BERNARD GOODWYN

I have reviewed the briefs filed concerning the plaintiffs' Motions to Compel in the above referenced matter.

In a supplemental interrogatory and request for production, the plaintiffs requested discovery of the defendant's "protocols" (as the term is defined in that discovery request). The defendant has objected to the discovery of the "protocols" on the grounds that its internal rules and guidelines are not relevant because they would not be admissible into evidence at the trial of this matter.

The Court overrules the defendant's objection to the supplemental interrogatory and request for production. Assuming *arguendo* such protocols are not admissible into evidence, they seem reasonably calculated to lead to the discovery of admissible evidence and are therefore discoverable.

The plaintiffs have also moved to compel production of two "post-incident" statements given by defendant's employees, Mable Gardner and Connie Davis. The defendant objects to production of those statements because it believes they were "obtained in anticipation of litigation and are thus protected under the work-product doctrine."

In an instance such as this, the validity of the defendant's objection is necessarily fact specific. It appears to be undisputed that the "statements" in question were done at the request of the superiors of the two people who gave them. The statements were prepared in response to a complaint made by a person identified as the decedent's daughter concerning the decedent's

condition and a call from a family member of the decedent saying that Certified Nursing Assistant (CNA) Connie Davis did not know what she was doing. One statement was given on February 2, 1997, the day the decedent was transferred from Pleasant Care, Inc., to Chesapeake General Hospital, and the other was given the next day. There is no assertion that the statements were prepared in response to a request by the defendant's attorney or even its insurer.

The fact that the "post-incident" statements were taken after complaints were made by the decedent's family after the decedent became ill in the defendant's nursing home is not sufficient for this Court to rule that the statements were prepared in anticipation of litigation. The defendant is ordered to provide the plaintiffs with copies of the February 2, 1997, statement of CNA Connie Davis and the February 3, 1997, statement of CNA Mable Gardner.